**IT IS ORDERED**

**Date Entered on Docket: November 19, 2019**

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THERESA ANN MARIA GOMEZ                              Case No.  7-19-12106-JA

        Debtor.

**DEFAULT ORDER GRANTING SUNTRUST BANK RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY LOCATED AT 10527 CASSIOPEIA STREET NW ALBUQUERQUE, NEW MEXICO 87114**

      This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to SunTrust Bank, filed on October 11, 2019, (DOC 12) (the "Motion") by SunTrust Bank ("Creditor").  The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

      (a)      On October 11, 2019, Creditor served the Motion and a notice of the Motion (the "Notice") on Bonnie P. Bassan, Attorney for Debtor and Yvette J. Gonzales (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor, Theresa Ann Maria Gomez, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 10527 Cassiopeia Street NW Albuquerque, New Mexico 87114, more fully described as:

> Lot numbered Thirty-six (361 in Block lettered "H", Plat of Paradise Skies Unit 4A, Town of Alameda Grant, Projected Sections 2 & 3, Township 11 North, Range 2 East, N.M.P.M., City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on said Plat, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on August 31, 1999, in Book 99C, page 255.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on November 4, 2019;

(f) As of November 4, 2019, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Creditor certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Creditor's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Creditor is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/ Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for Creditor
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Theresa Ann Maria Gomez
Debtor
10527 Cassiopeia NW
Albuquerque, NM 87114-3523

Bonnie P. Bassan
Attorney for Debtor
1122 Central Ave. SW; Suite 1
Albuquerque, NM 87102
Telephone: 505-433-3097
bonniebassan@askewmazelfirm.com


Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037
Telephone: (505) 771-0700